ARMSTRONG vs. BURRELL and others.

A *release* executed by a defendant in a replevin suit, is no bar to a suit prose-
cuted *by the sheriff* on a *replevin bond*, (taken under the fourth section of
the act to prevent abuses and delays in the action of replevin, 1 R. L. 92,)
where such release is executed *subsequent* to the commencement of the suit.

Had the suit in fact been *commenced by the defendant in replevin*, for his bene-
fit, although in the name of the *sheriff*, and such fact had been alleged,
*it seems* that the plea of release would have been held good; but the mere
averment that the suit was prosecuted in the name of the plaintiff, (the
sheriff,) in trust for, and the sole use and benefit of the defendant in the
replevin suit, being consistent with the fact that the suit was prosecuted by
the sheriff for his own indemnity, it was held, on demurrer, that the plea
could not be sustained.

Where a suit on a replevin bond is prosecuted by the sheriff, and the defendants
have satisfied the claims of the parties for whose benefit the bond was
taken, i. e. the defendants in the replevin suit, the remedy of the party
to stay the suit, is to apply to the court for relief on *motion*.

DEMURRER to plea. In January term, 1831, the plaintiff
brought his suit as late sheriff of the county of Seneca, against
Burrell and three others, and declared on a *replevin bond*,
bearing date in 1821, given upon the occasion of the execu-
ting of a plaint in replevin, at the suit of E. Colburn and J.
Burray against A. Knapp and W. Davis, for a quantity of oak
timber. The plaintiff set forth the condition of the bond,
which was, that Colburn and Burray should prosecute their
suit with effect and without delay, and return the timber,
should return be adjudged ; and averred that issue was joined
in the suit, and that subsequently, to wit, in the term of May,
1826, it was adjudged that the plaintiffs should take ∖nothing
by their plaint, and that the defendants should go thereof
without day and have a return of the timber, *prout patet per
recordum.* The plaintiff then averred that the plaintiffs in the
replevin suit had not made return of the timber, whereby an
action had accrued, &c. In July term, 1833, Burrell, who
alone had been arrested on the *capias* issued ∖in this cause,
put in a plea that *puis darrein continuance*, to wit, on the
26th June, 1833, W. Davis, *one of the defendants in the re-*

*plevin suit*, in consideration of $100, to him paid, executed to Burrell a *release* of all actions and causes of action, growing out of the bond declared on, and that this suit was prosecuted in the name of the plaintiff, in trust for, and to the sole use and benefit of W. Davis and A. Knapp, the defendants in the original replevin suit; concluding with a verification and prayer of judgment, whether the plaintiff ought *further* to have or maintain his action, &c. To this plea the plaintiff demurred.

*J. Knox*, for the plaintiff.

*W. S. Stow*, for defendants.

*By the Coart*, NELSON, J. The bond in this case was taken by the sheriff under the 4th section of the statute, 1 R. L. 92, which is a copy of the 13 Ed. 1, ch. 2, and is not assignable to the defendants in the replevin suit. Such bond is taken for the indemnity of the sheriff, and at his peril; for if he neglects to take it, or takes insufficient pledges or bail, he becomes personally responsible for a return of the goods replevied, in case a return is awarded by the court. 18 Viner, 399. *Rouse v. Patterson*, 2 Saund. 195, note 3, b.

Formerly, if there was judgment of return, and the sheriff could not find the goods or chattels upon the writ of *retorno habendo*, and a return of *elongata* was made, the defendant might have a *scire facias* to summon the persons who were pledges for the plaintiff at the execution of the replevin that he would make return if awarded; this writ brought them into court, which enabled them to show cause against the return; and if they failed, the defendant had a writ commanding the sheriff to take the beasts or goods of the pledges. If none could be found belonging to them, upon such return to this last writ, the sheriff himself became responsible. Gilb. Replevin, 176, 7. 1 Saund. 195, n. 3. 2 Selw. 907. This remedy has latterly given way to an action on the case against the sheriff, immediately after the return of *elongata* upon the writ *de rotorno habendo*, grounded upon the insufficiency of the pledges taken by him. Some evidence of such insufficiency

must be given by the plaintiff; but if slight, it will be sufficient to throw the burthen of proof upon the sheriff; for they are known to him, and it was his business to see that they were sufficient. Bull. N. P. 60.

This brief history of the law on this subject shows, that though the sheriff is responsible for the sufficiency of the pledges, they are taken and proceedings instituted against them if at all, chiefly for the ultimate benefit of the defendant. The *scire facias* was a proceeding directly between him and the bail, and the action on the case against the sheriff is permitted under the idea that proceeding against the bail, if had, would be fruitless.

If the sheriff sues upon the bond, it is no doubt for the benefit of the defendant in the replevin, not as agent or trustee but in his official capacity, and as well to protect himself against the liabilities he is under, which may be enforced under one or the other of the above remedies, as to secure the rights of the party. Having instituted such suit, which he had a right to do for his own protection, and without the advice or approbation of the defendants in the replevin, the question is, whether it is competent for them to interfere with its prosecution so as to defeat the action, by releasing the bond, without regarding the interest of the sheriff. I apprehend not. A release of the bond before suit brought would extinguish the cause or ground of action, and prevent the suit. The sheriff, then, would have no further interest in the subject. But till then, he would stand personally liable to the defendants, with this bond as the means of indemnity in his hands and under his control, and which he had a right at any time to prosecute and obtain a judgment upon, for greater caution. Having thus commenced proceedings, for the double benefit, as it were, of himself and the defendants, it is not for them to interfere and control the proceedings, as though they were the sole parties thereto. It is true their release may cover the subject matter in litigation, but the sheriff has become interested in the costs, to which he ought not to be subjected, nor ought he to be turned round to seek them from other parties by a new litigation. Being interested, as well as the defendants in the replevin, when the suit was com-

menced, and a party on the record responsible for the costs of the litigation, and having rightfuly commenced the suit, the latter ought not to be viewed as sole parties in interest in it, so as to defeat it by the release set up in the plea. It was the suit of the sheriff, and under his control. If the plea had disclosed the fact that the defendants in replevin had commenced the suit on the bond in the name of the sheriff, for their benefit, then no doubt the release would constitute a perfect bar. It would then be their suit in judgment of law, and though the sheriff might nominally be liable to costs, and would be obliged to look to the defendants for re-imbursement, he voluntarily assumed that risk by permitting the institution of the suit at their instance. I am aware that the plea in this case sets forth that the bond is prosecuted in trust for, and to the sole and only use of Knapp and Davis; but this is true as an inference of law, from the fact that it is a replevin bond, and amounts to no more than is conceded in the above view, and may be said of all suits on such bonds by the sheriff, and though the defendant in replevin has nothing to do with them. The defendants here are not without a remedy. The suit being in the name of an officer of the court, and upon an official bond, it is peculiarly under our direction, and upon a summary application, the court would be disposed to regard the rights and interests of all parties; and this, I apprehend, is the only remedy. We cannot sanction a principle so unjust to this officer, and unreasonable in itself, as that which would put it in the power of the defendants in replevin, after standing by and holding the sheriff responsible for the return of the property until he had instituted a suit on the bond, for greater security to himself, and which at the same time operates for their benefit, to defeat such suit in any stage of it, without regard to and in defiance of his rights. The security of the rights of the defendants in the replevin suit, and of all others concerned, does not require it.

Judgment for plaintiff.