WESTERVELT *vs.* BELL.

By the revised statutes, the law in relation to the liability of sheriffs in respect to the sureties on executing a writ of replevin is changed. Formerly the sheriff was answerable for the sufficiency of the sureties in all cases; now he is liable only where the defendant in replevin has excepted to their sufficiency, and they or new sureties have failed to justify. The declaration must accordingly contain averments to bring the case within the statute, or it will be bad.

If the sheriff wholly omit to take sureties, he is still liable as at common law, but then the omission should be directly and distinctly alleged; if the declaration, in this respect, be equivocal, it will be adjudged defective.

ERROR from the New-York common pleas. Bell brought an action on the case against Westervelt for making deliverance as late sheriff of the city and county of New-York, of certain goods and chattels taken by Bell as a distress for rent without having obtained *sufficient sureties* for the prosecution of the writ of replevin, by virtue of which the deliverance was made, and for a return of the goods, if return should be adjudged. The declaration contained four counts. The *gravamen* of the first count was that the sheriff had taken a bond with *only one surety*, that he was insufficient, was *excepted to* and notice of the exception given, and that the surety did not justify, and the plaintiff in the replevin suit did not file a new bond. The *second* count was similar to the first. The *third* count charged that the defendant *did not*, before making deliverance, *take a bond with sufficient sureties* conditioned for the prosecution of the replevin suit, &c., and in the *fourth* count the allegation was that he *did not* before deliverance *take a bond from the plaintiff in replevin and two responsible persons* in double the value, &c. conditioned, &c. In the two last counts there was no allegation that the now plaintiff had *excepted* to sureties. To the two first counts the defendant pleaded the general issue, and to the two last he *demurred* specially, assigning as causes of demurrer that it was not alleged that the defendant in replevin had *excepted to* the sufficiency of the sureties, or that he obtained judgment of discontinuance for the default

of the sureties in justifying, and for the neglect of the plaintiff to file a new bond. The court below gave judgment for the plaintiff on the demurrers, and a verdict being subsequently found for the plaintiff on the issues of fact and damages assessed, judgment was rendered for the plaintiff upon the whole record. The defendant sued out a writ of error.

*P. S. Crooke*, for the plaintiff in error, insisted, that the revised statutes have changed the common law in respect to the liability of sheriffs in the action of replevin. At common law the sheriff was absolutely liable for the sufficiency of the sureties ; now he is responsible only where the defendant in replevin has excepted to the sufficiency of the sureties, and they or new sureties to be given by the plaintiff in replevin, fail to justify. 2 R. S. 527, § 28, 33. The *second and third counts are silent on the subject of exception.* The sheriff is still liable if he takes *no sureties*, but that is not the charge here ; both counts admit that there were sureties, but the allegation is that they were *not sufficient* or *responsible.*

*A. L. Robertson*, for the defendant, contended, that the cause of action set forth in the third and fourth counts was, that the sheriff *did not take a bond*, and consequently the plaintiff could not be required to allege that he *excepted* to the sufficiency of sureties who did not exist, or that they had justified. There being no bond, the writ was void and the sheriff had no authority to execute it. He was a *trespasser* and might have been sued in trespass, and the statute now permits *case* to be brought where *trespass* lies for an injury to personal property.

*By the Court*, BRONSON, J. The old precedents of declarations in actions on the case against the sheriff for taking insufficient sureties in replevin, will no longer answer without some additional averments. Formerly the sheriff was answerable for the sufficiency of the sureties in all cases ; but now he is liable only where the defendant in replevin

UTICA,
July, 1838.

Westervelt
v.
'Bell.

has excepted to the sufficiency of the sureties, and they, or new sureties to be offered by the plaintiff, have failed to justify within the time prescribed by law. 2 R. S. 527, § 28, 33. It must now be averred in declaring against the sheriff, that an exception was taken that the sureties or others in their place, did not justify, and that judgment of discontinuance has for that cause ;been rendered against the plaintiff in replevin. No such averments are contained in the 3d or 4th counts of this declaration.

But it is said on the part of the plaintiff below that these counts charge that *no bond at all* was taken by the sheriff; and it will be found the pleader has substantially followed the precedents given by Mr. Chitty for not taking a replevin bond, according to the statute. 11 Geo. 2, c. 19. 2 Chit. Pl. 355, 357. The language of the declaration is equivocal. The averment in the 3d count may mean, either that the sheriff took no bond at all, or only that the sureties were insufficient ; and in relation to the 4th count, it is doubtful, to say the least, whether the pleader intended to allege that no bond was taken, or only that the sureties were not responsible persons. In England this equivocal mode of declaring may be sufficient, for the reason that the action will lie as well where the sheriff has wholly omitted to take sureties, as where he has taken those who are insufficient. *Moyser* v. *Mayor of Beverley*, Cro. Car. 446. 1 Saund. 195, note 3. *The King* v. *Lewis*, 2 T. R. 617. Lord Coke in his commentary on the statute of Westminster the Second, 13 Edw. 1, c. 2, says, if the sheriff return *insufficient* pledges, they are *no pledges* within this statute, and in that case the sheriff shall be charged by this act as if he had taken no pledges at all. 2 Inst. 340. But under our statute, the distinction between taking no sureties at all, or those who are insufficient, may be very material in proceeding against the sheriff; for where he has taken sureties, no action will lie until after their sufficiency has been tested by an exception, and they, or others to be offered in their place, have had an opportunity to justify. In this case, if no bond was taken by the sheriff, that fact should have been directly and

plainly alleged, and for the want of such an averment, I think the 3d and 4th counts were bad on demurrer.

There is a further objection to the 4th count. The pleader has followed the precedents in actions on the statute, 11 Geo. 2, c. 19, which requires the sheriff to take a bond from the plaintiff, " and two responsible persons as sureties." Our statute forbids the execution of the writ, unless the plaintiff shall execute a bond, " with sufficient sureties." I do not intend to say that this objection is fatal, though it certainly would have been more safe to follow the language of the statute.

As judgment was rendered for the plaintiff on the whole record, it mnst be reversed.

Judgment reversed.*

---

* See opinion of Chief Justice SAVAGE in *Smith* v. *McFall*, 18 Wendell, 523, decided in December, 1835; and also see opinion of Chief Justice NELSON in *Wilson* v. *Williams*, 18 id. 585, as to the liability of the sheriff..