Seeastiax, J., delivered the opinion of the'court, at the July term, 1844. An action of replevin, at common law, is a remedy for recovering damages for the wrongful taking away a person’s goods. The plaintiff can only recover damages for the taking of the goods, and the detention of them until the replevy, and not the value of the goods themselves. 1 Saunders 347, b. n. 2; but by our statutes a recovery may be had of the value of the goods also, in case they have not been replevied. Our'Statute gives this remedy for either the wrongful taking, or for the wrongful detention of chattels. For the first of which, the declaration is in the usual form, and charges the defendant with the taking and detaining of the goods or chattels. And for the last, where the wrongful detention only is complained of, a form of the count in the detinet is prescribed, and which,' as this court has decided in Pirani vs. Barden, 5 Ark. 81, must be substantially pursued. The form of action adopted in this case is that of the cepit et detinet, to which the only plea filed by the de--fendant, is that of non cepit, which puts in issue only the fact of art actual taking, and admits the property and possession in the plain* tiff. Wilson vs. Royston, 2 Ark. Rep., 315. Pirani vs. Barden, 5 Ark. Rep. 81. May vs. Head, 1 Mason’s Rep. 322, and it is in*competent for the defendant to show title in himself, or in another person, for the effect of the plea is to disclaim the title and possession, and admit them in the plaintiff. Rogers vs. Arnold, 12 Wend. 33. The issue here made was thereby rendered extremely narrow, embracing nothing but the naked fact of the tortious taking, and necessarily rendering all evidence, not tending to prove or disprove that issue, irrelevant. The issue was of little consequence to either party, for the plaintiff having replevied the box of specie, could proceed only for damages for its detention, and the' defendant, had the issue been found in his favor, would not have been entitled to a return, but only excused from damages. Walton vs. Kersop, 2 Wilson 354. The pleadings of the parties having settled the title and possession of the property, the court and the parties were concluded, and the only matter in controversy was the damages. With this view of the issue, which the jury was sworn to try, we will examine the questions raised by the bill of exceptions. The jury found that issue for the plaintiff, and, according to the rule repeatedly recognized in this court, we are to presume that they had sufficient evidence for their finding, unless the contrary appears. We can correct the errors of the court below, but we know of no instance, in which we can reach the verdict of a'jury directly, when it is responsive to the issue, unless it has been either sanctioned, formed, or influenced, by or under the judicial action and decision of the court. In such case the court may set aside the finding, where the court below has refused to set it aside improperly, or where it has been materially influenced by the improper admission, or exclusion of testimony, or errroneous instructions as to law. In every such instance, however, we act directly upon, and correct the judgment of the court, which is rendered erroneous by its connection with the verdict of the jury. Are we then authorized by the bill of exceptions to correct any judgment of the circuit court? The exceptions were taken to the decision of the court, overruling defendant’s motion for a peremptory non suit. That a party cannot be compelled to take a peremptory non suit against his consent, Was decided by this court at its last January term, in the case of Martin & Van Horn vs. Webb, 5 Ark. Rep. 72. The same point has been ruled by the Supreme Court of the United States, in many cases. Elmore vs. Grimes, 1 Peters 471. DeWolfe vs. Roland, 1 Peters 497. Bank of Cumberland, vs. Sutherland, 3 Cowen 366. In the case before cited of Martin & Van Horn vs. Webb, the correct motion is said to be “that the court instruct the jury, that, if the evidence has not proven a matter necessary to be proven, they must find for the defendant.” The plain duty of the court was, either to grant or overrule the motion, according to its terms, and in overruling it the court committed no error. We are not at liberty to review the testimony, to see whether it sustains the verdict or not,' as no application to set it aside was made to the court, or its judgment taken upon that question. Were the question properly before us, we would not be warranted in interfering, because we might draw different conclusions from the testimony, than that to which the jury arrived. The preponderance must, in such cases/ 'be greatly against the verdict. The only issue to be found was as to the unlawful taking. The custody of the box by the agent was the possession of the principal. The defendant was, as such agent, authorized to receive it for the principal, and pay it over to him.The depositing of it in the bank, whether as a general or special deposit, and taking the certificate therefor in his own name, were acts from which the jury were authorized to find a conversion. Syeds vs. Hay, 4 Term Rep. 260. If the deposit was genera], it became thereby transferred into a mere debt,' the legal title to which was in defendant, and this would have been of itself a conversion.Off the other hand a special deposit of it in defendant’s own name was at least evidence of a conversion. They were facts, from which the jury might well come to such a conclusion; at least, a finding to that effect should not be set aside. We therefore think that, as no motion was made in’the court below to set aside the verdict, we cannot entertain the question here, and if we could, there is no such preponderance of testimony against the verdict,- as would war-' rant us in overthrowing it.- The defendant further excepted to the opinion of the court, ex-' eluding the agreement between him'self and Field,- and his appointment and confirmation as his deputy. If the testimony was irrele vant to the issue, or such, as would, not have probably changed the verdict, it was properly excluded. The agreement which appears' in the bill of exceptions only established the rate of compensation for the services of defendant, as deputy clerk, and if it was intended to prove a right to the box of money, or to the appropriation of it,, the defendant was concluded by his plea from any such proof, and it was therefore irrelevant to the issue. The appointment of defendant, as deputy of plaintiff, could show nothing more than a license or authority as plaintiff’s agent to receive the money from the United States for his principal, and this was already sufficiently established by the testimony of Newton, who was offered as plaintiff’s witness, and as such, his testimony could not be impeached by the plaintiff. In any view of the case, therefore, we are clearly of opinion that the testimony excluded was irrelevant to the issue,, and, if permitted to go to the jury, could not have materially influenced their finding. The judgment of the circuit court of Pulaski-county must therefore be affirmed.