THE PEOPLE, EX REL. CHARLES T. FLETCHER ET AL., V. NEWTON D. LEE AND ARTHUR HILL.

*Replevin—Insufficiency of sureties on bond to officer—Judgment of return—Liability of sheriff or coroner on official bond.*

1. A coroner replevied certain property from a deputy-sheriff, taking a bond with *irresponsible* sureties, who were not freeholders, and delivered the property to the plaintiff. The defendant excepted to the sureties, who failed to justify, and the plaintiff failed to execute a new bond with sureties who could justify, and a judgment of discontinuance and for a return of the property was rendered in favor of the defendant, upon which the usual execution was issued, and returned unsatisfied, the property having been removed from the State by the plaintiff in replevin.

   *Held*, that on the rendition of the judgment it was the *duty* of the plaintiff in replevin to return the property to the defendant, and, failing so to do, *that* of the coroner to see that it was so returned; and on his failure to make such return within a *reasonable* time he became liable on his official bond for such default, and an action on said bond could be at once maintained by the defendant against both the coroner and his sureties.

2. The sheriff, on seizing property in a replevin suit, is not authorized or directed by the statute to deliver the property to the plaintiff until he furnishes such officer with a bond with sureties of *undoubted* sufficiency, and his approval of such sureties, after they have been excepted to, is of little consequence. He accepts them at his peril, under *such* circumstances, unless directed to do so by the court or the defendant.

Error to Saginaw. (Gage, J.) Argued February 2, 1887. Decided April 28, 1887.

Debt on a coroner's bond. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Wheeler & McKnight,* for appellants.

*D. P. Foote,* for defendants.

SHERWOOD, J. This is an action brought by the relators in the name of the people, against the defendants, on the official bond given by Lee as coroner of the county of Saginaw, under How. Stat. §§ 604, 606. The defendant Hill is one of the sureties upon the bond. The cause was tried in the Saginaw circuit, and the learned circuit judge held the suit was prematurely brought, and verdict was given and judgment rendered for the defendants. Relators bring error.

The facts in the case are substantially as follows:

The relators, in April, 1885, sued out a writ of attachment against Ira Frees, under which Henry Ostrander, a deputy-sheriff of Saginaw county, seized two horses and a set of harness as the property of the defendant. Judgment was rendered in the attachment suit on the first day of July, 1885, for $299.13, and execution was issued, and returned unsatisfied, except $75, for which real estate was sold. Personal service was had on the defendant in the attachment suit.

Frees, on or about the sixteenth day of April, and after the seizure, brought replevin against the sheriff and said deputy for the property seized. The writ was directed to the coroner, N. D. Lee, who, in obedience to the command of the writ, took possession of the property attached, and caused it to be appraised, and accepted a Mr. Adams and one Dorman as sureties on the replevin bond, and delivered the property to the plaintiff in the writ. The defendants in the writ duly excepted to the sureties, who failed to justify, and Frees failed to file a new bond.

On the seventh of December, 1885, judgment of discon-

tinuance was rendered against Frees, and for a return of the property. The property was never returned upon the execution issued upon said judgment, return to which was made January 7, 1886, that the property could not be found.

This suit was commenced March 13 thereafter. The regularity of the proceedings in both suits referred to does not seem to be questioned. The main question in the case arises upon the action of the court in directing the verdict for the defendants.

It is claimed by the learned counsel for the defendants that, before the relators could maintain this suit upon the bond against the surety, the claim should have first been established in suit against the coroner; that the liability of the coroner must first be established in a proper proceeding against him, and his failure to meet such liability appear, before a recovery can be had against the surety on the coroner's official bond. The circuit judge, holding this view, said to the jury:

"I hold that the sheriff does not become delinquent in view of this condition of our statute, which does not appear in the New York statute, until judgment has been obtained against him in an action on the case, and he has had time to collect it if he can out of the bond he took,—reasonable time; and then, if he fails, execution may be issued against him, and, if that is returned unsatisfied, the surety for the first time becomes liable;"—

And gave the direction excepted to.

I am not able to concur in the views expressed by the circuit judge. The defense claimed is based upon purely technical grounds of practice, if the law is as claimed by counsel for the defendants, and ought not to be held as a defense unless the substantial rights of the defendants cannot otherwise be preserved. But I am not prepared to say that, under the facts stated in this record, our statute or the practice requires that a judgment should be first obtained against the coroner for the amount of his liability, and he

have an opportunity to pay, and neglect so to do, before a default can be said to exist, or his sureties become liable on his official bond.

The obligation of the coroner's bond is that—

"He shall well and faithfully, in all things, perform and execute the office of coroner during his continuance in office by virtue of his election, without fraud, deceit, or oppression, and shall pay over all moneys that may come into his hands as such coroner,"—

And in such case the bond is to be void. How. Stat. § 579. Among the undertakings is the general one that he will well and faithfully perform the duties of coroner. His execution of his office required him in this case to make proper service of the writ of replevin issued at the request of Mr. Frees, and, before delivering to him the property, it was his duty to take from Frees a bond running to himself and assigns, with sufficient sureties, to be approved by him, in a penalty at least double the value of the property replevied as appraised, conditioned to prosecute his suit to effect, and, if judgment should go against him, he would return the property if adjudged so to do, and pay all such sums of money as should be adjudged against him. How. Stat. § 8324.

The defendants in the replevin suit excepted to the sureties in the bond taken by the coroner, as was their privilege under the statute. How. Stat. § 8329. In such case it was the plaintiff's (Frees') duty, if the sureties failed to justify, to file a new bond (section 8330), and failure in these respects authorized the judgment of discontinuance, which was rendered in this case, and for a return of the property to the defendants. The statute (How. Stat. § 8335) further provides that in such case—

"The sheriff shall be liable for the sufficiency of his sureties, as now provided by law, and such sheriff shall be entitled to the same remedy on the bond taken by him as in cases of bonds given on the arrest of a defendant in personal actions, and all the provisions of law respecting the staying of pro-

ceedings against the sheriff shall be applicable to actions by the sheriff on such replevin bond, and to actions against him in relation thereto."

It is admitted that the sureties did not justify, neither did the coroner take a new bond. It also appears by the plaintiff's testimony in the case that the sureties in the bond taken by the coroner were not freeholders, and were utterly irresponsible, two of the witnesses being the sureties themselves; and that on the sixteenth day of December, 1885, the usual execution *retorno habendo* was issued to Coroner Campbell, and was returned by him at the proper time, the return stating that he was unable to find the property in the writ; and it further appears that, as soon as Frees obtained the property from the coroner, he took the same, and left the State with it.

The foregoing are the facts which must be regarded as proved; and upon them I think there can be no serious question but that the coroner is liable. Really, I do not understand that the liability of defendant Lee is much controverted, but it is claimed that the sureties' liability is contingent upon the failure of Lee to respond after a judgment for the amount claimed has been rendered against him. Of course, the surety cannot be called upon to pay until the principal has made default, and then not until the principal's liability has been established. But that is as well established in the suit upon the bond as it would be in an action on the case against the principal alone, and when so established, if the principal will voluntarily liquidate the judgment, the surety is in no manner harmed, and, if he does not, the surety is in a situation to direct a levy upon the principal's property, if he has any, and thereby save himself harmless; and if neither will pay the judgment until forced so to do, there can, it seems to me, be no good reason given why the plaintiff should be compelled to bring a second suit before he can have his execution against the sureties.

65 MICH.—36.

I agree with the learned counsel for defendants, if the
statute makes the two suits necessary they cannot be avoided.
The statute, however, in my judgment, does not require it,
and there is no practice yet in this State making it necessary.
I do not think that the practice provided by the statute in
case of bonds prosecuted, given in suits commenced by
*capias,* is applicable to the present case.    While the sheriff is
entitled to the same remedy upon the bond he takes in the
one case as in the other, it has no application to actions
brought upon the sheriff's official bond.    The action upon
the sheriff's official bond is a common-law action, and subject
only to such defenses as are recognized at common law, or
expressly provided by statute; and the defense set up here is
not made so by statute, neither does it rest at the common
law, and I know of no reason why this Court should allow it
to be made.    See *Anderson v. Hitchcock,* 2 Wend. 299; *Bailey
v. Butterfield,* 2 Shep. (Me.) 112; *Skinner v. Phillips,* 4
Mass. 74; *Governor v. Perkins,* 2 Bibb, 395.

When the sheriff takes a replevin bond, it is on his own
responsibility, and at his risk, unless the statute for his relief
has been strictly complied with.    Chapter 288, How. Stat. ;
Tidd, Pr. 1038.    In this case the coroner failed to comply
with the statute, after the defendants in the replevin suit
excepted to the sureties.    He therefore took the bond,
assuming all the risks of its conditions being complied with
by the bondsmen.    The offer of the coroner to assign the
bond in this case to the plaintiffs could avail nothing.    It was
not such a bond as the statute authorized the coroner to take.
As the case stands, the bond is for his own indemnity, and can-
not be made to inure to the benefit of the plaintiffs in place
of his liability on his official bond.    *Swezey v. Lott,* 21 N. Y.
481; *Wilson v. Williams,* 18 Wend. 581; *Ladd v. North,* 2
Mass. 517; *Rayner v. Bell,* 15 Id. 377; *Armstrong v. Burrell,*
12 Wend. 302; *Sparhawk v. Bartlet,* 2 Mass. 188; *Oxley v.
Cowperthwaite,* 1 Dall. (Penn.) 350; *Pearce v. Humphreys,*

14 Serg. & R. 25; *Westervelt v. Bell*, 19 Wend. 531; *Gibbs v. Bull*, 18 Johns. 435.

When the judgment was rendered in the replevin suit for the defendants, it was Frees' duty, under his bond, to return the property taken to the defendants, and, failing to do so, it became the business of the coroner to see that the property was returned; and, if the coroner failed to do this within a reasonable time, such failure was an official default, for which he became liable to the relators on his bond, and the plaintiffs had the right to bring this suit. *Jennison v. Haire*, 29 Mich. 211; *Harrison v. Wilkin*, 78 N. Y. 392.

I think the plaintiffs' declaration is sufficient, and sufficiently alleges the breach. It alleges that the defendant Lee did not well and faithfully perform his duty in the premises as coroner, and under this allegation makes the necessary specifications. The law never imposes a penalty or punishment upon a party for his doing what the court or law directs. The sheriff in a replevin suit is not authorized or directed by the statute to deliver the property to the plaintiff he seizes upon the writ until the plaintiff furnishes him a bond with sureties of undoubted sufficiency. This he failed to do after the sureties were excepted to. His approval of the sureties, after they have been excepted to, is of little consequence. He accepts them at his peril, under such circumstances, unless directed so to do by the court or the defendant. He is now in no worse condition than he seeks to place the plaintiffs by his negligent acts, if the view herein taken is correct.

I think the judgment should be reversed, and a new trial granted.

The other Justices concurred.