Mr. Justice-STOB.vj
 

 delivered the-opinion of. the Court.— .
 

 Messrs. Rabaud, Brothers 8c Co., of Marseilles, brought .a? suit in-the Circuit' Court 6f the southern district of New-York, against James D’Woif 'jun. (the plaintiff in error,)-to recover damages, for not shipping them 500 boxes of sugar on account, -of one George D’W.olf, according .to an. agreement entered into” by him with them. The declaration contained four counts;, and in eachof-themthe-'substance of-the contract stated, is that .the defendant, in consideration that one ¡Belknap (one of. the part-’ ners-hiíthe house of Rabaud, Brothers & Co.-,) would authorize George-,P’Wolf to draw on the plaintiffs for 100,000 francs, undertook'and promised; that he would ship for the account of George 'D’Wolf,- on' board, such vessel aS-he, George D’Wolf should direct,- five hundred-boxes of white Havana sugar;’consigned to the plaintiffs' at Marseilles! The declaration then proceeds with the proper aferments,.-a«d breaches, necessary-to maintain the action: upon.the trial, under, the generafdssue, -the jury found a verdict: for .the plaintiffs, and. judgment was given- for. them .'accordingly. • The'cause.now. comes'before this .Court Upon a, writ óf error, and bill of exceptions, taken, at the trial.
 

 - The bill of exceptions is .voluminous, and contains, at large, the evidence-admitted at the trial, as well as the charge of the
 
 *497
 
 •learned Judge, who presided at the' trial. It is unnecessary to refer to that evidence, or to consider its nature "bearing and extent, upon which so ample a comment Jiás been made at the‘ bar, except so far as it applies to some question of law decided by the Court, to which an exception has been taken. The whole facts were left open to the jury, and so far as they were-imperfect, or inconclusiye, the defendant has had the full opportunity of addressing, his. views to the jury, and they have found their Verdict against him.
 

 In the: progress of the trial, a letter of the 27th December 1825, written by George D-’Wolf to Belknap, was offered by the •defendants in evidence, for the purpose of showing an- authority from George D’Wolf to Belknap, to direct or name a vessel to the defendant, on board of which the sugars might be. Shipped. The defendant objected, to itsradmission, and the Objection was overruled. This constitutes the first ground of error, now insisted' on by the defendant. We are of opinion that-the letier was rightly admitted, for both, of the reasons stated in- the charge. It Was evidence of such .an authority; and the defendant made- no objection to it at the time, on account 'of any insufficiency in this respect; but put his defence by his letter of- the 5th of January 1826, on an entirely distinct ground.
 

 ■ After the evidence for the plaintiffs was closed, the defendant moved for-a nonsuit, which motion was bverruled. This refusal.certainly constitutes no ground for reversal in this Court. A nonsuit, may not be ordered by the Court, upon the. application of the defendant, and cannot as we have had occasion to ■ decide, at'the present term, be ordered in any case without the consent, and acquiescence'of the plaintiff, Elmore
 
 vs,
 
 Grymes,
 
 ante,
 
 page 469, In the further progress of the trial, upon the examination of one Frederick G. Bull, a witness for the defendant, the counsel for the .defendant offered to prove, by Bull,' that it was an express understanding and agreement between the defendant .and George D’Wolf, at the time the letter of the 15th November'1825 (which will be hereafter more particularly noticed,) was signed by-the defendant; that the latter should furnish the defendant with the-funds necessary for-the'purchase of the.sugar, before the defendant would be under-any obligation to ship the same. This testimony was rejected by the Court, unless it should also appear that Belknap was a party, thereto, or that the same Was brought home to his knowledge. Wé can perceive-no error in this decision. If the defendant had entered, info the contract with the-plaintiffs, stated in the declaration,- and the private arrangement made between, the defendant-and, George D’Wolf, constituted.no part of that con'-tract,-and was unknown to them, it certainly ought not to prejudice their rights.- It was
 
 res inter alios acta:
 
 and had nole-
 
 *498
 
 . gal tendency either to disprove the plaintiffs’ case» or to exo' . nerate the defendant from his liability.
 

 The other exceptions are exclusively confined to the charge given to the jury, upon the 'summing of the Court, upon points of daw.
 

 >
 
 The first.objection was tp the sufficiency of the evidence to establish the citizenship of Belknap, as averred in the declaration. ‘ This is now waived by the counsel, and indeed could not now be maintained, because, it has been recently decided, by this Court, iipon full consideration, that the question of such citizenship constitutes no part of the issue upon the merits, and must be brought forward by a proper plea in .abatement, in an earlier stage of the cause.
 

 The great question upon the merits, arises upon that part of the charge, which relates to the agreement contained in the letter of the 15th of November 1825, frbm George D’Wolf to the defendant, and the accompanying assent of the latter¿ with reference to the statute of Frauds.
 

 .That, letter is in the following terms.—
 

 New-York, 15th November
 
 1825. .
 

 Mr. James D’Wolf, Just.
 

 Dear SirYou-will please ship for my account on board such vessel as I shall direct, five hundred boxes white Havana sugar consigned to Messrs..Rabaud, Brothers & Cp- Marseilles, and oblige your friend and obédient servlnt,
 

 (Signed) George D’Wolf.
 

 Agreed to, (Signed) James D’Wolf, Jun.
 

 Upon this part of the case, the charge was as follows: — “It is said that this letter, under the statute of Frauds-, does not purport on its face to contain any binding contract on the part of the defendant, and that the defects cannot be supplied by parol evidence.. This objection I think -cannot be sustained.
 
 4
 
 The first question to be settled, and which is matter of fact for your determination is, whether the derangement between Belknap and George D’Wolf,. as to the authority to draw on the house in Marseilles, on the shipment and consignment of five hundred' boxes of sugar, and the undertaking of the defendant, were made and'entered into at-one and .the same time, so as to. form one entire transaction. The Judge then proceeded to sum. up the evidence on this point and added — “The consideration for this undertaking was the authority given by Belknap to George D’Wolf, to draw on the plaintiffs for one hundred thousand ihancs. This consideration, it is true, although fully proved, Is not expressed in the written contract. And one question is, whether it can be supplied by parol evidence; and I. think it may, if the undertaking of the defendant was entered into at
 
 *499
 
 the same time, with that between Belknap and George D’Wolf., so as to form one entire transaction. The evidence, does not,, in any manner, contradict' the written agreement-; and is perfectly consistent with it; as between the plaintiffs and .George D’Wolf the consideration might be clearly supplied by parol proof; and if the undertaking of the defendant was at the same time, it required no consideration from the .plaintiffs Jo-him, the consideration to George D’Wolf was sufficient to uphold and support the contract of the defendant.” And he finally stated if he was mistaken in this view of the evidence “and the jury should be.of opinion, that the contract between Belknap and George D’Wolf, was completed, and unconnected with the engagement of the-defendant, before he undertook to make the shipment and consignment; then the evidence was-not sufficient to maintain the present action. It'will then be a collateral undertaking, made subsequent to theprincipal contract, and would require some other consideration than that which supported the principal contract.”
 

 The question then, so far as it was a question of fact, whe, ther the defendant did enter into the asserted agreement with the plaintiffs and whether it was a part of the originalarrangement, with George D’Wolf, and upon the original consideration moving from the plaintiffs, was before the jury, and'they have found in the affirmative. The. question of law remains, whether this was a case within the statute of .Frauds, só as to prevent parol evidence from being admissible, to charge the defendant.
 

 The statute of Frauds of New-Yorkj is a transcript, on this' subject, of the statute of 29th of Charles 2, ch.
 
 3.
 
 It declares “ that no action shall be brought to charge a defendant on a special promise for the debt, default or miscarriage of another, unless.the agreement, or some memorandum or note thereof be in writing and signed by the party, or by any one by him authorized.” . The terms “collateral” or “original” promise, do not occur in the statute, and have been introduced by Courts -of law to explain its objects and expound its'true interpretation. Whether by the true intent of the statute, it was to extend to eases .where the collateral promise, (so called,) was a part of the original agreement, and founded on the same consideration moving at the same time between the*1 parties; or, whether-it was confined to cases, where there was already a subsisting debt and demand, and the promise was merely founded upon • a subsequent and distinct undertaking; might, if thepointwere entirely new, deserve very grave deliberation. But it hac been closed within very narrow limits by the course of the authorities, and seems scarcely open for general examination; at .least in those states where the English authorities, have been fully
 
 *500
 
 recognised and. adopted in practice. If A agree to advance B a sum of money, for which B is .to be- answerable, but at the same time it is expressed upon the undertaking, that C will do-some act for the security of A, and enter into an agreement with A for that purpose; it would - scarcely seem a case of a mere collateral undertaking; but rather, if one might use the phrase, a trilateral contract The contract of B to repay the money,' is not coincident .with, nor-the samé contract with C-to-do the’ act. Each-.is an original promise, though the on? may be deemed subsidiary,- or secondary to the other. The original- consideration flows from A, not Solely upon the promise of B or C, but upon the promise of both,
 
 diverso intuito,
 
 and each becomes liable to A, not upon a joint but a several original undertaking. Each is a.direct, original promise, founded upon the same consideration.’ The credit is not given solely to either,but.to both; not as joint contractors, on, the same' cóntract, but as separate contractors upon co-existing con tracts,forming parts of the same general transaction. Of that very nature is the-contract now before the Go.urt; and if the intention of all the parties was, that the letter of the 15th of November should be delivered to Belknap, as evidence of the original agreement between all the parties, and indeed as part execution of it, to. bind the defendant not merely .to George D’Wolf, but to the plaintiffs; (and so it has been established by the verdict-;) then it is not very easy to distinguish the case from that which was put.
 

 But assuming that the true construction of the statute of Frauds is, as .the authorities seem to support, and that such a promise would be within its. purview ; it remains to considter whether the-arguments at the bar do establish -any error in the opinion of the Circuit Court.
 

 In the first place, there is no repugnance between the terms of that letter and- the parol evidence introduced. The object of the latter was-' to establish 'the, fact, that there was a' sufficient consideration for th.e.,agr’eement; and what that consideration •was, and also the circumstances, under which it was written, as explanatory of its nature and objects. Its terms do not necessarily import, that it was an agreement exclusively between George D’Wolf and the defendant. If thepaper was so drawn up and executed, by the assent of all the parties, for the purpose of beting delivered to Belknap, as a voucher, and evidence to him of an absolute agreement by the defendant to make the shipment, and so was in fact "understood by all the parties at the time;-there is nothing in its terms inconsistent with such an interpretation. ‘The defendant agrees to the shipment. But with whom ? It is :-said with George D’Wolf alone; but that does not necessarily follow, because it is not- an instrument in its terms
 
 inter partes.
 
 If the parties intended that it should express the joint assent
 
 *501
 
 of George D'Wolf and the defendant, to the shipment,, and it was deliverable to • Belknap accordingly, as evidence of their joint assent that it should he made upon the terms and iri_ the . manner, stated in it, there is nothing which-contradicts it’s proper purport; and it.is then, precisely, what the parties require it to be. It was for the jury to say, whether the evidence disclosed that as the true object of it;, and to give it effect accordingly, as proof of an agreement in support of the declaration. The case of Sargent
 
 vs.
 
 Morris, (3
 
 Barn. & Ald.
 
 277) furnishes no uninstruetiv.e analogy .for its admission.
 

 In the next .place,, was the .parol evidence inadmissible to .supply the defect of the written instrument,. as to the consideration, and
 
 res gestee,
 
 between the parties; The case of Wain
 
 vs.
 
 Warlters, (5
 
 East,
 
 10,) was the first case' which settled' the point, that it .was necessary -to escape from the statute of Frauds, that the agreement Should contain the consideration for the promise, as".well as the promise itself, If it contained' it, it has since been determined that it is wholly immaterial ' whether the consideration fig stated in express .terms, or by necessary implication. That Case has from its origin-encounter-' ed. many- difficulties,' and been matter of, serious observation, both at the bar, and on the bench,, in England'and America-After many doubts, it seems at last in England, by the recent decisions of Saunders
 
 vs.
 
 Wakefield,
 
 (4 Barn. & Ald.
 
 595) and Jenkins
 
 vs.
 
 Reynolds, (3
 
 Brod. & Bing.
 
 14,) to have settled down into an approved authority. It has however assumed a uniform recognition in America; although in-several of' the-states, and particularly in New-York, it has to a limited.extent been adopted into its .jurisprudence,-as a sound construction of the statute. On thei other hand, there is a very elaborate opinion oi the Supreme Court of Massachusetts, in Packard vs. Richardsson
 
 (17 Mass.
 
 122,) where its authority Was directly overruled, What might be'our own view of the question,' unaffected by . any local decision, it is unnecessary to -suggest; because the decisions .in New-York, upon the. construction of its own statute, and the extent of the rulés deduced- from it, furnish, in' the present; a clear, guide .for 'this Court; - In the case of Leonard
 
 vs.
 
 Vredenburgh, (8
 
 John. R.
 
 29.) Mr, Chief justice Kent, in delivering the opinion of the Court; adverting to the fact that that case was one of a guarantee, or promise collateral to the principal contract, but made at the same time, and becoming an essential'grqttnd of the credit-given to the principal or direct debtor; added, “ and if there was no consideratiomother than the original .transaction, the plaintiff ought to have been permitted to show that fact, if necessary by parol proof.; and the decision in Wain vs. Warlters, did not stand.in the way.”''
 

 .One of'the points in that case was,, whether the parol proof
 
 *502
 
 of the consideration was not improperly rejected. at the tríaí; aud the decision of the Court was, that it ought to have been • admitted. It is not -therefore; as was suggested at the argument, a- meré
 
 obiter dictum,
 
 .uncalled for by the case. It was one, though not the only one of. the points in judgment before the Court., The same doctrine has béen- subsequently recognised by the same. Court in Bailey vs. Freeman, (11
 
 Johns, R.
 
 221,) and in Nelson
 
 vs.
 
 Dubois, (13
 
 Johns. R. 175.)
 

 It does not seem' necessary to pursue this subject farther, because here js a clear authority' justifying the admission of the parol evidence; upon the principal of the local jurisprudence It seems to us a reasonable doctrine, founded in good sense and convenience, and tending rather to suppress than entourage fraud. But whether so, or not, it sustains the opinion of the Circuit Court, in a manner entirely free from exception.
 

 The next objection to the charge, founded on the variance between the declaration and proofs, has been abandoned at the argument, and need not he dwelt upon. And the last objection, to wit., to the designation of a vessel.for the shipment as ineffectually made, has been already in part answered; and we entirely coincide with the views- expressed on this point, by the Circuit Court.
 

 Without-therefore going'more at large into the points of the case, or commenting upon the various authorities and principles so elaborately brought out in the discussions at the bar,it is sufficient to say, that we perceive no error in the judgment of the Circuit Court, and it is therefore to be affirmed .with costs.