Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit, brought against the plaintiff in error, by W. H. Pearce & Co., upon a guaranty made by him of an account created by his son. The declaration contains two counts. A demurrer was filed to it, which was overruled as to the first, but sustained as to the second. A judgment, with writ of inquiry of damages was awarded, and the cause afterwards brought by writ of error to this court, to test the correctness of the decision upon the demurrer.
The first count in the declaration sets out, “ that in consideration that the plaintiffs, at the request of the defendant, would sell to John Y. Wren, the son of the defendant, on credit, all such goods as said John Y. Wren should have occasion for *97 and require, in commencing his profession as physician, he the said Woodson Wren undertook and promised the plaintiffs to be accountable for the same, to the amount of $125 : and avers that they, confiding in said promise, did sell and deliver to said John V. Wren, on credit, goods, medicines, and medical instruments, to the value of $125, at which time then and there, the said Woodson Wren undertook and promised the plaintiffs to pay the aforesaid sum of money, and then and there guarantied the payment of the same in writing.” The terms of the guaranty, written at the foot of the account, and signed by the defendant, are, “ I will guaranty the payment of the above.”
Yarious grounds are taken in support of the demurrer, only part of which will be noticed. It is first said, that no consideration is shown for the guaranty. Qur statute of frauds is, in this particular, unlike the statute of Charles II., and corresponds with the acts of Yirginia and Tennessee, which contain the word promise as well as the word agreement. It has been holden, in the construction of the statutes of those two states, that the consideration of the promise need not be in writing. 5 Cranch, 152. Taylor v. Williams and Ross, 3 Yerger, 330. We adopt the same construction of our statute.
But for another reason, the objection could not be sustained in this case. “Where the guaranty or promise, though collateral to the principal contract, is made at the same time with the principal contract, and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends and sustains the promise of the principal debtor, and also of the guarantor. No other consideration need be shown, than that for the original agreement upon which the whole debt rested, and that may be shown by parol proof, as not being within the statute.” This is the language of Chancellor Kent, 3 Com. 122. See 1 Peters, 476. This principle covers the present case, because in the declaration the guaranty is averred to have been made at the time of the delivery of the goods, and the promise to guaranty to have been made before.
The case above cited from 3 Yerger is, in many of its fea *98 tures, l’ike this, and is a strong authority for the recovery in this.
It is next objected that John V. Wren has not been sued to insolvency. We do not think that this objection can be sustained. The guaranty is of payment by John Y. Wren, not of his solvency. If the undertaking were of the latter character, a suit would probably be necessary against the principal debtor, or proof of his insolvency. Bell v. Johnson and Hicks, 4 Yerg. 196. But where it is of the former kind, it has been holden that the creditors were not bound to institute any legal proceedings against the debtor. Douglass v. Reynolds, 7 Peters, 127. See also Allen v. Rightmere, 20 Johnson, 365.
We do not think it necessary to dwell upon any of the other points, as they do not, in our view, justify a reversal of the judgment.
Judgment affirmed.