CHARLES A. SMITH *vs.* BENOICE LOOMIS and another.

Somerset. Opinion January 18, 1881.

*Contract — collateral and original. Guarantor. Stat. 1874, c. 201.*

Where C. H. signed a contract with L. the concluding paragraph of which was : " I C. H. hereby agree to be responsible that said L. shall faithfully perform and keep this agreement on his part," *Held.* 1, that C. H. was a guarantor only; 2, that an action upon that contract against L. and C. H., jointly, cannot be maintained; and stat. 1874, c. 201, does not authorize such a joinder. But under that statute, judgment can be entered against one of. the defendants, although the joint liability is not proved.

The case of *Norris* v. *Spencer*, 18 Maine, 324, considered.

ON REPORT.

This was an action against Benoice Loomis and Chas. H.. Loomis upon the contract given below for use of the mill, referred to in the contract, to saw two hundred thousand feet of lumber, and one hundred and fifty thousand shingles, from January 19, 1878, to June 1, 1878.

Writ was dated August 28, 1878.

(Contract.)

"This agreement made this nineteenth day of January, A. D.. 1878, between Charles A. Smith, of Skowhegan, of the first part and Benoice Loomis of the second part, witnesseth : that the party of the first part does hereby lease to the party of the second. part, the saw-mill situate on the west side of the Wesser Run-- sett stream, including the shingle mill therein, at Malbon's mills, so called, in said Skowhegan, including all implements,. tools, apparatus, and fixtures used in said saw and shingle mill,. and about the same in the manufacture of shingles, boards, and. other lumber during every alternate two weeks, beginning on the twenty-eighth day of January, A. D. 1878, and to continue until. the first day of June, next, which time is fixed for the termina- tion of this lease. It being understood that Joseph P. Adams has the right to occupy said mills every alternate two weeks, which are not embraced in this lease. And the said party of the

second part, hereby agrees to hire and run said mills in a proper manner, with care, prudence and diligence, to the best possible advantage, making all of the ordinary repairs, furnishing files, oils, &c., and to leave the same in as good condition as they now are, ordinary wear excepted, and to yield and pay a rent for said mill, one dollar per thousand feet, for all lumber sawed by said party of the second part, in said saw mill, and one shilling per thousand for all the shingles sawed by him in the shingle mill, said rent to be paid on the first day of April, next, so far as it may have accrued, and the balance on the first day of June, A. D. 1878. If any extraordinary repairs are required on said mills or machinery, without the fault of said Loomis, said Smith is to make them at his own expense, if with or by the fault of said Loomis, he is to make said repairs.

"I, Charles H. Loomis, hereby agree to be responsible, that said Benoice Loomis shall faithfully perform and keep this agreement on his part.

CHARLES A. SMITH,
BENOICE LOOMIS,
CHARLES H. LOOMIS.

February 16th, 1878.

"For value received I hereby agree to lease to Chas. A. Smith, all my right to the saw and shingle mill, leased to me by his lease of January (19) nineteenth, 1878, on condition that I have the mill the said alternate two weeks mentioned in said lease, until I saw what lumber Chas. Loomis may have at said mill, or may haul of his own, between now and the time said lease expires. Also to saw six thousand lumber for E. A. Withee, and three or four thousand for Bradbury Loomis, and two thousand for Sumner Smiley also, and what shingle stuff and lumber I may haul during the life of said lease, by my paying the same for the use as stipulated in said lease and agreement, by and between Chas. A. Smith and me, Benoice Loomis.

BENOICE LOOMIS."

Attest: E. N. Merrill."

*Folsom & Merrill*, for the plaintiff.

In construing this contract, effect must be given to the intention of the parties, and that is gathered from the whole instrument, the situation and acts of the parties, and the time, place, and manner of performance. *Merrill* v. *Gore*, 29 Maine, 348; *Chapman* v. *Seccomb*, 36 Maine, 104; 2 Cush. 283.

This was the joint contract of the defendants. *Norris* v. *Spencer*, 18 Maine, 324; *Hunt* v. *Adams*, 5 Mass. 358.

Charles H. Loomis signed this contract at its inception, and thereby made himself a joint and original promisor, or contractor, as to the plaintiff. *Duval* v. *Trask*, 12 Mass. 154; *Castner* v. *Slater*, 50 Maine, 212; *Staples* v. *Wheeler*, 38 Maine, 375; see stat. 1874, c. 201.

*Walton & Walton*, for the defendants, cited: *Wallis* v. *Carpenter*, 13 Allen, 19; *DeRidder* v. *Schermerhorn*, 10 Barb. 638; *Tibbitts* v. *Percey*, 24 Barb. 39; *Hall* v. *Farmer*, 5 Denio, 487; *Mowery* v. *Mart*, Cent. Law J. March 18, 1880; *Reed* v. *Cutts*, 7 Maine, 189; *Norton* v. *Eastman*, 4 Maine, 521; *Babbock* v. *Bryant*, 12 Pick. 133; *Dole* v. *Young*, 24 Pick. 250; *Bickford* v. *Gibbs*, 8 Cush. 156; *Protection Ins. Co.* v. *Davis*, 5 Allen, 54; *Vinal* v. *Richardson*, 13 Allen, 521; *Whiton* v. *Mears*, 11 Met. 563; 2 Pars. Contr. 519, 10; *Clark* v. *Baker*, 5 Met. 452; *Dows* v. *Swett*, 120 Mass. 322; *Curtis* v. *Brown*, 5 Cush. 491; R. S., c. 82, § 21; *Wentworth* v. *Lord*, 39 Maine, 71.

SYMONDS, J.   The claim of the plaintiff that the defendant, Charles H. Loomis, was an original promisor, jointly with his brother, in the contract of January nineteenth, 1878, cannot be sustained. Whether the engagement was original or collateral, must be determined by the contract itself; although, if doubt remains, the particular words which import the promise, may be interpreted in the light of attending facts, the nature of the contract, the acts agreed to be done, the time, place and manner of performance, the situation and relations of the parties, and sometimes even by the aid of the subsequent conduct of the parties showing a practical construction put upon doubtful terms by themselves.

"We may safely assume, then, that it is settled by the recent cases in this State, Massachusetts and Connecticut, and in the Supreme Court of the United States, first, that guaranties are governed by the same rules of construction as other contracts; secondly, that in case of ambiguity, the language is construed most strongly against the guarantor; thirdly, that it is the duty of the court to ascertain and give effect to the intention of the parties. . . . . . In order to arrive at the intention of the parties, the circumstances under which, and the purposes for which, the contract was made, may be proved, and must be kept in view in its construction." *Crist* v. *Burlingame,* 62 Barb. 357.

It is true there are circumstances in evidence here, which would account for both defendants assuming a joint obligation, and make it, perhaps, as reasonable and probable that they should do so as the contrary would be. The case of *Norris* v. *Spencer,* 18 Maine, 324, too, is cited by the plaintiff as tending to declare the joint liability of the defendants on such a contract.

But this defendant has a right to stand upon the terms of his agreement, and the only question is one of construction; what in view of all the facts were the understanding and intention of the contracting parties, as declared in the contract. The language employed, seems to us to preclude the possibility of an interpretation, which would make the undertaking of Charles H. Loomis original and joint, without doing violence to clear and express terms. He only agrees "to be responsible, that said Benoice Loomis shall faithfully perform and keep this agreement on his part." Neither as principal, nor as surety, nor in any capacity, does he agree to do the things required by the contract. It is not a direct agreement in general terms that the contract shall be performed, nor an engagement on his part as surety, or security, to that end, which possibly, under certain circumstances, might be regarded as an undertaking on his part to do them, and therefore charge him with a joint liability. There is no expression of joinder with Benoice Loomis, as surety or otherwise, in the promises made. But it is an engagement that another, who signs the contract and is described as the party of the second

part, shall keep it. This must be a collateral undertaking, unless a construction is employed which not only explains, but changes, express and clear terms. No liability could fairly arise, under this language, against the defendant, Charles, until the other defendant had failed to perform the contract. From the fact that he signed at the same time with the principal contractors, he is presumed to have participated in the original consideration, but the extent of his liability is not otherwise affected thereby. *Tenney* v. *Prince*, 4 Pick. 386; *D' Wolf* v. *Ribaud*, 1 Peters, 476; *Gillighan* v. *Boardman*, 29 Maine, 79.

The case of *Norris* v. *Spencer*, cited *supra*, marks a limit, beyond which we think the authority of adjudged cases does not go. We do not question the correctness of the decision, but the cases are numerous in which the courts have held language, differing but slightly from that of the contract in that case, to import a collateral, rather than an original undertaking. The case of *Prentiss* v. *Garland*, 64 Maine, 155, is more like this, and the agreement there was regarded as a guaranty only.

The result, then, being that one of the defendants was a principal in the contract declared on, and the other a guarantor only, it follows that the action cannot be maintained against them jointly. They are each liable, but upon distinct agreements. *Reed* v. *Cutts*, 7 Maine, 189; *Wallis* v. *Carpenter*, 13 Allen, 19.

It is obvious that our act of 1874, c. 201, would no more authorize the joinder in one action of parties to contracts so different in their nature and terms, than the general statute of Mass. c. 129, § 4, under which *Wallis* v. *Carpenter*, *supra*, was decided. But under the act of 1874, judgment may be entered for the plaintiff as to one of the defendants, although the joint liability is not proved.

The case is upon report, and the plaintiff is entitled to judgment against Benoice Loomis. Under the two contracts, of January 19th, and February 16th, he is liable at the same rates for the rent of the mill; the later contract having only the effect to terminate the tenancy at an earlier date, than that first agreed upon, or to diminish the time of his occupation under the lease.

The rent of the mill for lumber and shingles sawed by Benoice Loomis, amounted to one hundred and fifty-six dollars and thirty-three cents. The second contract being in effect, as we have seen, only a release of a part of the time to which Benoice Loomis was entitled under the first, the amount due under both might properly be charged in one item.

As it appears that by arrangement between the plaintiff and Adams, the rent to February sixteenth belongs to the plaintiff, and after that to Adams, the defendant, upon proper motion, under R. S., c. 82, § 115, may require the interest of the assignee, Adams, to appear of record; so that the record may bar any suit that might be brought in Adams' name for his share, under the law of 1874, c. 235.

> *Judgment for the defendant, Charles H. Loomis. Judgment for plaintiff against Benoice Loomis, for $156.33, and interest from the date of the writ.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.