YGNACIO HERRERA, Appellant, v. ANTONIO JOSÉ CHAVES AND
MARIA DE LA LUZ GARCIA DE CHAVES, Appellees.

*January 23, 1881.*

ASSUMPSIT.    (1) *Instruction of jury to find for the defendant.*
PRACTICE.     (2) *Nonsuit, district court cannot order peremptorily.*

1.  In an action of assumpsit it is proper for the court to instruct the
    jury to find a verdict for the defendants where no evidence is ad-
    duced tending to prove either an express or implied obligation or pro-
    mise by defendants, or either of them, as the plaintiff alleged in his
    declaration.
2.  The district courts have no power to order a peremptory nonsuit
    against the will of the plaintiff. PARKS, A. J., dissenting.

Appeal from the District Court, Bernalillo County.

This was an action of assumpsit brought by the plaintiff
in error, plaintiff below, to recover damages from the defen-
dants alleged to have been sustained by reason of the
defendants' failure to pay a debt alleged to have been con-
tracted by one of the defendants, Maria de la Luz Garcia de
Chaves, as a *feme sole*, on account of the maintenance of
two children by a prior marriage. The action was brought
against the defendants as husband and wife. In the court
below issue was formed, a jury impanelled, and the evi-
dence on the part of the plaintiffs introduced, and the case
submitted under the instruction of the court to the jury to
find for the defendant. The jury failed to agree upon a
verdict, and the court thereupon ordered that the plaintiff
be nonsuited. Bills of exception were framed and sealed,
and the case now comes here by appeal.

*Breeden & Hazledine* for appellant.

The action was properly brought: Tyler on Infancy and
Coverture, 333 ; 2 Chitty, 573 ; Ohio Form, 106. Parents
are liable for the maintenance of infant children : 16 Bass,
135–140 ; 4 N. H., 86 ; 16 Bass, 272–274 ; 13 John., 480 ;
Tyler on Infancy and Coverture, 101.

A father or mother, after the death of husband or wife, cannot divest him or herself of the duties and responsibilities of the paternal relation by a verbal or parol agreement; such a result can only be accomplished by the solemnity of a deed. A verbal or parol agreement of the character mentioned can be revoked at any time: 44 N. H., 321; Schouler Dom. Relations, 343; 3 M., 225; 31 M., 240.

After the death of the father the mother is head of the family, and is bound to support minor children: Reeves Dom. Relations, 74; 16 Mass. 140.

A husband is liable for debts of wife contracted *dum sole:* Reeves Dom. Relations, 66; Tyler on Infancy and Coverture, 332.

The court had no right to order a nonsuit: 1 Peters, 471–476; 6 Peters, 598; 8 Mo., 685, side paging; 7 Ala., 528; 16 Ala., 422; 14 Howard, 218; 23 Howard, 183; 6 Pick., 118.

*Barnes & Chaves,* for appellees.

*First.* The action was not properly brought; the declaration does not show that defendants are husband and wife; this being true, as we conceive, defeats the plaintiff in his right to recover or reverse this case, and justified the court below in entering a nonsuit: Tyler on Infancy and Coverture, pp. 333 and 334; 21 Wendell, p. 20. *Secondly.* The evidence, in the case, offered upon the trial shows beyond question that there was no contract, express or implied, proven against the female defendant, to pay for the support and maintenance of her children named in the suit, but upon the contrary, it is clearly shown that said children were given to the plaintiff, their uncle, absolutely and forever, and that he supported and maintained them without any expectation on his part, or on the part of their mother and father, that he should be paid; the circumstances forbid the idea of a contract to pay; the attempt to recover in this case is an afterthought. See 2 Parsons on Contracts, pp. 46, 47, and

authorities cited; 16 Vermont, p. 150; *Fitch v. Peckham;* *Weir v. Weir;* 3 Ben Monroe (Ky.), 647; 3 Esp. 3, and 15 Pickering, 130; 1 Parsons on Contracts, 298, and authorities cited; 17 Vermont, 350; 1 J. J. Marsh, 433–4; 3 Bush, 613.

The authorities cited by appellant's counsel in reference to liability of parents to maintain their infant children, and as to the mother being the head of the family, and bound to support minor children, do not apply to the case now before the court.

The position assumed by the counsel for appellant, as to the liability of the husband for the debts of the wife, contracted *dum sole*, may be conceded as a general principle. Yet we say that there is no liability or debt of the wife, or female defendant shown by the record in this case, and there should have been no finding against the defendants or either of them.

The court did not err in instructing the jury to find for the defendants, and afterwards entering or directing the clerk to enter a nonsuit; because, *First,* The plaintiff's declaration upon its face showed no cause of action against the defendants. The averment therein made does not show that defendants were husband and wife. *Secondly,* The whole of the proof taken together and offered by the plaintiff upon the trial, and as presented in this record, showed conclusively that plaintiff had no cause of action against the defendants. The motion of the defendants to instruct the jury to find for defendants was proper; it was in the nature of a demurrer to the whole of the evidence; and the instructions of the court to the jury to find for the defendants was nothing less than a proper decision of the court that the plaintiff had no cause of action; and, was in law a verdict by the court for defendants; and the jury not having retired from the bar of the court, and two of them, in the presence of the court, refusing to obey the court, and

plaintiff not asking any instructions, or to have the jury sent out, the court did right in directing a nonsuit; there was no injustice done to the plaintiff, and he should not be heard to complain here.

The plaintiff did not move for a new trial, or file grounds for a new trial, and hence he cannot, as we respectfully suggest, ask the court to view the pretended errors complained of in this case.

Upon the whole case, the action, ruling and findings of the court below, were right and proper, and the judgment below should not be disturbed. We therefore ask for an affirmance. See 14 Bush, 316; 13 Bush, 298; 5 Bush, 206; 7 Bush, 236; 4 Bush, 289.

Bristol, Associate Justice: This is a case of assumpsit brought by the appellant Ygnacio Herrera, the plaintiff below, against Antonio José Chaves· and Maria de la Luz Garcia de Chaves, the defendants below, to recover the reasonable value of boarding, lodging, clothing, schooling, etc., of certain two minor children, at the instance and request of said Maria, one of the defendants, while she was the widow of the father of said children, and sole and unmarried, she being the mother of said children and being also the wife of said Antonio, the other of said defendants at the time of the commencement of this action, as well as during the progress of the proceedings therein.

The general issue was pleaded to the declaration and the cause brought to trial before a jury.

After the plaintiff had presented all his evidence. and rested, the court below, at the request of the defendants, instructed the jury to find for the defendants on the ground that there was no evidence sufficient to support the plaintiff's declaration. To this instruction the plaintiff excepted. Two of the jury refused to obey said instruction to find for the defendants, while ten of the jury assented thereto.

Whereupon, and before said jury left their seats, the court, in the presence of the jury and against the will of the plaintiff, peremptorily ordered a nonsuit to be entered and the jury discharged, which was accordingly done, together with judgment for the defendants for their costs. To which order and entry of judgment the plaintiff excepted. A bill of exceptions presenting these facts and including all the evidence is before this court as parts of the record.

Upon this statement of the case, several questions are presented by the briefs of the respective counsel for the parties, none of which do we consider it material or necessary to notice except those arising on the plaintiff's exceptions already stated.

The instruction of the court to the jury to find for the defendants was clearly proper under the circumstances, as there was no evidence deduced on the trial tending to prove either an express or implied obligation or promise on the part of the defendants, or either of them, as the plaintiff had alleged in the declaration.

As to the question whether the court below, under the circumstances, had any authority to order a peremptory nonsuit against the will and consent of the plaintiff, we meet with difficulty in arriving at a satisfactory conclusion from the conflicting decisions on the subject by the courts of the various states.

In the state of New York the appellate courts have always held that the courts of original jurisdiction, not only had the power, but that it was their duty, to direct a nonsuit even against the will of the plaintiff, when upon the trial he failed to present any evidence in support of his claim: *Pratt v. Hull*, 13 John., 134; *Allgro v. Duncan*, 4 How. (N. Y.) Pr., 210.

But whatever may be the preponderance of authority among the different states in favor of recognizing and exercising this judicial authority, we are constrained to regard

the decision of the U. S. Supreme Court as conclusive, if they cover the case before us. The reason being that an appeal or writ of error lies from the final decrees or judgments of the supreme court of a territory, directly to the U. S. Supreme Court.

The first case in which the identical question we are now considering arose in that court in the case of *Elmore v. Grymes*, 1 Pet., 469.

That case went to the U. S. Supreme Court from a U. S. Circuit Court, over which Associate Justice Johnson of the supreme court presided as circuit judge. Judge Johnson, as such circuit judge, had peremptorily ordered the plaintiff to be nonsuited against his will because the evidence on the trial was inadequate to maintain the suit.

The case went to the U. S. Supreme Court on this point alone; no evidence was before the supreme court. That court, Chief Justice Marshall delivering the opinion, held " that the court below had no power to order a peremptory nonsuit against the will of the plaintiff. That the plaintiff had a right to have his case submitted to a jury."

Associate Justice Johnson, who had directed the nonsuit in the circuit court, gave an elaborate dissenting opinion with some degree of asperity, in which he reviewed the whole subject. His reasoning is certainly strong, and as it would seem, conclusive, yet the supreme court adhered to its decision. They adopted the old English *nisi prius* practice on this subject, which was that " the plaintiff is in no case compellable to be nonsuited, and if he insist upon the matter being left to the jury, they must give in their verdict: 2 Tidd's Practice, 869.

Since the decision of *Elmore v. Grymes*, *supra*, the U. S. Supreme Court have repeatedly referred to and affirmed that decision: 1 Pet., 476; 6 Pet., 598; 23 How., 172; 1 Wal., 359.

The matter may therefore be considered as settled, so far

as that court is concerned, and that the same is conclusive upon us.

We hold, therefore, that the court below erred under the circumstances in ordering a peremptory nonsuit against the will of the plaintiff.

The judgment of the court below is reversed, and a trial *de novo* granted.

PARKS, Associate Justice, dissenting: I submit to the decision which has just been read, but I am not satisfied that it is correct. The opinion of a majority of the court in *Elmore v. Grymes*, 1 Pet., 471, upon which this opinion is founded, was announced by the court in very few words, and no attempt is made to sustain it by reason or authority. On the contrary, the dissenting opinion of Judge Johnson in the same case is fortified by the weight of authority both in England and this country, and is supported by reason and legal principle. He shows that it is not the perfection of reason to hold that a court may indirectly put an end to a trial where there is no evidence, by directing a verdict for defendant, but that it may not do the same thing directly by ordering a nonsuit. The power conceded to the court is greater than the power denied it. So far as I am advised, the opinion of Judge Johnson has never been answered. It has happened, not infrequently, in the history of the law, that a doctrine has long obtained, supported by real or supposed authority, which when thoroughly discussed and examined, could not be sustained.

In our opinion, cited in another case pending in this court, it is stated substantially that the doctrine that an award alone was a bar to an action, was long held in England, and till Lord Tenterden exposed its fallacy. And similar instances might be cited, where judges distinguished for ability, learning and integrity, have upheld principles or practices which subsequent investigation have proved erroneous.

I adopted the rule in this case in the second judicial district, because I was assured by experienced attorneys that it had long been the practice in this territory, and because I believed it to be right in principle and sometimes necessary, as in this case, to vindicate the authority of the court.

If New Mexico were a state, this question should be examined and decided upon its merits.

As it is, I can only acquiesce in the decision of a majority of this court.