## STAPLETON v. READING CO.

Circuit Court of Appeals, Third Circuit.
May 1, 1928.

No. 3641.

1. **Master and servant** ⊜⟿286(32)—**Railroad's negligence in failing to furnish goggles to experienced car wheel inspector, who never wore them or saw any other inspector wear them, held not issue for jury.**

Alleged negligence of railroad in failing to furnish goggles to experienced car wheel inspector, *held* not issue for jury, in view of testimony of plaintiff that he had never worn goggles or seen any other inspector wear them and

in absence of proof that other railroads provided them.

2. **Courts** ⊜⟿352(5)—**Granting of compulsory nonsuit on plaintiff's failure to make case for jury held not unauthorized (N. J. Practice Act, § 254 [3 Comp. St. N. J. 1910, p. 4128, § 254] Supreme Court Rules of N. J. rule 107 [a]; 28 USCA § 724).**

Action of trial court in granting a compulsory nonsuit for failure of plaintiff to make case as to defendant's negligence, following the practice in New Jersey courts under N. J. Practice Act, § 254 (3 Comp. St. N. J. 1910, p. 4128, § 254) Supreme Court Rules of New Jersey, rule 107(a), *held* not unauthorized under R. S. 914 (28 USCA, § 724), requiring that modes of proceeding in civil cases shall conform to procedure of state within which District Courts are held.

In Error to the District Court of the United States for the District of New Jersey; Bodine, Judge.

Action by Daniel A. Stapleton against the Reading Company. A judgment of compulsory nonsuit was entered, and plaintiff brings error. Affirmed.

Charles A. Ludlow, of New York City, for plaintiff in error.

Louis Rudner and Edward L. Katzenbach, both of Trenton, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. [1, 2] In the court below, the court at the close of the testimony granted a compulsory nonsuit, whereupon the plaintiff sued out this writ, which involves two questions: First, whether under the plaintiff's proofs the defendants showed negligence; and, second, whether in such case the court had power to grant a compulsory nonsuit. On the first question we agree with the court below. The alleged negligence of the railroad was that it had not furnished goggles to the plaintiff, and such failure caused the injury to the plaintiff's eye, which was caused by a particle of steel which struck his eye when he tapped a crack in the wheel.

The proofs show plaintiff had worked as a car wheel inspector for nine years. He testified that in all that time he had never worn goggles himself, and had never seen any other inspector wear them, and that it was important to have one's eyes clear when doing such work. In view of this character of work being done on the railroad for this long period by the plaintiff and other car wheel in-

spectors without goggles, and in the absence of proof that other railroads provided them, we find no proof of defendant's negligence on which to submit that issue to the jury. The court would therefore have been justified in giving binding instructions to the jury to find for the defendant. Instead of so doing, it granted a compulsory nonsuit, a course of which it was said, in Oscanyan v. Arms Co., 103 U. S. 264, 26 L. Ed. 539: "The difference in the two modes is rather a matter of form than of substance, except in the case of a nonsuit a new action may be brought, whereas in the case of a verdict the action is ended, unless a new trial be granted either upon motion or upon appeal."

While the action of the judge really favored the plaintiff, he now complains that the court below was without power to grant a compulsory nonsuit. Bank of Columbia v. Hagner, 26 U. S. (1 Pet.) 468, 7 L. Ed. 219; Elmore v. Grymes, 1 Pet. 475, 7 L. Ed. 224; D'Wolf v. Rabaud, 1 Pet. 497, 7 L. Ed. 227; Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029. This particular question was not raised in the court below, excepted to, or assigned for error, but, as it concerns future procedure, we consider it as though duly brought before us. Whatever may have therefore been the power of the court in relation to nonsuits, in 1872 R. S. 914 (28 USCA § 724) provided: "The practice * * * and modes of proceeding in civil causes * * * shall conform, as near as may be, to the practice, * * * and modes of proceeding existing at the time in like causes in the courts of record of the state within which such * * * District Courts are held, any rule of court to the contrary." The court, in granting the nonsuit, followed the mandate of the Conformity Act (28 USCA §§ 724, 726, 727) because such has long been the practice of the New Jersey courts. See Central R. Co. v. Moore, 24 N. J. Law, 824, Voorhees v. Woodhull's Ex'rs, 33 N. J. Law, 482; New Jersey Practice Act (3 Comp. St. N. J. 1910, p. 4128) § 254; rule 107 (a), Supreme Court of New Jersey. The practice of the courts of Pennsylvania in granting nonsuits was followed in the Eastern District of Pennsylvania and affirmed in Central Transp. Co. v. Pullman's Palace Car Co., 139 U. S. 39, 41, 11 S. Ct. 478, 35 L. Ed. 55, which latter case was followed by Coughran v. Bigelow, 164 U. S. 307, 17 S. Ct. 117, 41 L. Ed. 442.

The judgment of compulsory nonsuit entered below is therefore affirmed.