# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60560

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2014

Lyle W. Cayce
Clerk

HCB FINANCIAL CORPORATION,

Plaintiff - Appellee,

v.

LEE F. KENNEDY,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-559

Before DAVIS, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellee HCB Financial Corporation ("HCB") brought this lawsuit to collect an alleged deficiency balance on a promissory note from Defendant–Appellant Lee F. Kennedy, who is a guarantor of the note. Kennedy appeals the district court's grant of HCB's motion for summary judgment and motion to amend the final judgment, arguing that the damages amounts sought by HCB were insufficiently supported by the evidence. Because Kennedy raises her arguments for the first time on appeal, they are

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waived. Accordingly, we AFFIRM.

I.

In the wake of Hurricane Katrina, a group of four investors formed Mississippi Investors VI, LLC ("Mississippi Investors"), with the purpose of developing new housing for workers who were displaced from Mississippi's Gulf Coast as a result of hurricane damage to their homes. Defendant–Appellee Lee Kennedy was one of the investors. In 2006 Mississippi Investors selected a suitable location near the Gulf Coast in Stone County, Mississippi, and purchased approximately 2,269 acres for development (the "Stone County property").

To finance the purchase of the Stone County property, Mississippi Investors obtained a $7,438,400 loan from Double A Firewood. In exchange for the loan, Mississippi Investors executed a promissory note and a deed of trust encumbering the Stone County property. In addition—and important for purposes of this appeal—each of Mississippi Investor's four investors executed guaranty agreements to personally guarantee full payment of the note, "plus interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees" incurred in collecting payment.[1]

By 2010 Mississippi Investors had allegedly defaulted on its loan obligations. As a result, Central Progressive Bank, who had in the interim obtained the promissory note from Double A Firewood, foreclosed on the Stone County property. At the foreclosure auction, Central Progressive Bank was the only bidder and purchased the property for $4,590,000.

Central Progressive Bank then filed this diversity lawsuit in the district court against Kennedy and the other three investors (and guarantors) to obtain

---

[1] Later that year, Kennedy sold her interest in Mississippi Investors but nevertheless remained a guarantor of the note.

the remaining balance on the promissory note, which, after a credit for the sales price of the Stone Country property, it alleged was $1,890,684.49 exclusive of attorney's fees and costs and with interest continuing to accrue. In response, Kennedy asserted a number of counterclaims, seeking $50,000,000 in actual damages. These counterclaims are not at issue on appeal.

Plaintiff–Appellee HCB subsequently filed a motion for summary judgment as to all claims.[2] Kennedy filed a response in which she argued in part that summary judgment was improper because a genuine fact issue remained as to the propriety of the foreclosure sale of the Stone County property. Kennedy did not dispute the validity of the note or her guaranty agreement, her default under that agreement, or HCB's calculation of the deficient loan balance.

Thereafter, the district court granted HCB's motion for summary judgment, reasoning that there was no dispute that Kennedy executed the guaranty agreement or that she was in default. As to the amount of the deficiency, the district court determined that the complaint and "the record evidence reflect that HCB seeks to recover a sum of $1,890,674.49 from [Kennedy]. Kennedy has not submitted any competent summary judgment evidence to dispute this amount." More specifically, the district court explained that HCB had submitted over 700 pages of exhibits in support of its motion whereas Kennedy had only tendered an unexecuted affidavit and no

---

[2] After filing its lawsuit in this case, Central Progressive Bank was liquidated, with the FDIC acting as receiver. During the receivership, First NBC Bank purchased the promissory note and the individual guaranties from the FDIC and subsequently assigned them to HCB. HCB then substituted itself as plaintiff in this case. The claims against the other three investors were resolved and dismissed, leaving Kennedy as the only defendant.

No. 13-60560

other documentary evidence. The district court then entered final judgment against Kennedy in favor of HCB.

Although the district court had mentioned the $1,890,674.49 deficiency amount in its grant of summary judgment, its final judgment did not include a specific monetary award. As a result, HCB filed a motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. HCB sought to amend the final judgment to specify a total award of $2,019,495.82, comprised of the following: (1) an outstanding principal balance of $1,625,211.66; (2) prejudgment interest of $331,320.52; (3) attorney's fees and costs incurred to collect the outstanding balance of $87,963.64; and (4) a $25,000 credit for payment recovered by HCB from the other guarantors of the note. HCB supported its attorney's fees and costs calculation with an affidavit from counsel listing the attorneys involved along with their titles, bill rates, and hours billed. HCB supported the interest amount with calculations included in an accompanying memorandum.[3] Kennedy did not file a response to HCB's motion to amend but instead filed her own motion to amend the final judgment.

> The district court granted HCB's motion to amend, explaining:

> Plaintiff's Motion does not seek to alter the Final Judgment, but to amend it in order to include a specific figure based upon financial information that was not previously available. After consideration of the record and relevant law, the Court finds that because this financial information was not available at the time the Judgment was entered, Plaintiff's Motion to Alter the Final Judgment should be granted.

---

[3] The interest calculation was based on three pieces of information from the summary judgment record: (1) the outstanding principal and interest on the loan as shown on an "endorsement allonge" as of the date Double A Firewood endorsed the promissory note to Central Progressive Bank; (2) a seven percent interest rate as provided in the guaranty agreement; and (3) the amount of the foreclosure sales price of the Stone County property.

No. 13-60560

Accordingly, the district court issued an amended final judgment in favor of HCB for $2,019,495.82. The district court denied Kennedy's motion to amend. Kennedy timely appealed.

## II.

"A grant of summary judgment is reviewed *de novo,* applying the same standard on appeal that is applied by the district court." *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (internal quotation marks omitted). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "[A]ll facts and evidence must be taken in the light most favorable to the non-movant." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). "However, to avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *Id.*

Generally, we review "a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion." *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 721–22 (5th Cir. 2013). But if a motion to amend raises an issue of law, we apply *de novo* review. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404 (5th Cir. 2013). The appellate standard of review is also *de novo* "[w]hen a district court considers materials attached to a Rule 59(e) motion and still grants summary judgment." *Williams v. N. Am. Van Lines of Tex., Inc.*, 731 F.3d 367, 369 (5th Cir. 2013).

## III.

On appeal Kennedy challenges both the district court's grant of HCB's motion for summary judgment and its grant of HCB's motion to amend the final judgment to award a specific monetary amount of debt, prejudgment interest, attorney's fees, and costs. We address each of the district court's decisions in turn, affirming both.

No. 13-60560

A.

We first address the district court's grant of summary judgment in favor of HCB.  Kennedy does not dispute that her guaranty agreement is a valid and binding contract.  Nor does she dispute that she breached the guaranty agreement by failing to make payments on the promissory note.  Nor does she dispute that the guaranty agreement entitles HCB to interest, attorney's fees, and costs.  Instead, Kennedy argues that HCB failed to offer sufficient summary judgment evidence regarding *the amount* of damages it sought to recover, namely the unpaid loan deficiency balance plus interest and the amount of attorney's fees and costs.  She argues that HCB did not provide a calculation showing how it arrived at the $1,890,684.49 figure.

Kennedy presents this argument for the first time on appeal and it is therefore waived.  "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered.  This rule is equally applicable in summary judgment cases." *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000).  "This is especially true where the assertion first raised on appeal is factual." *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 669 (5th Cir. 2004).  Thus, in *Greenberg*, we explained that

> [w]here the moving papers do not reveal the presence of a factual controversy on a material issue, the adversary cannot simply assent by silence to the factual theory presented in the motion—and on which the parties stand in the Trial Court—and then assert thereafter on appeal as grounds for reversal a purported factual disagreement never before revealed.

*Id.* at 669–70 (quoting *DeBardeleben v. Cummings*, 453 F.2d 320, 324 (5th Cir. 1972) (internal quotation marks omitted)).

Here, the materials before the district court did not "reveal the presence of a factual controversy" regarding the amount of the unpaid loan balance or

6

HCB's calculation of damages.[4]  *See id.* at 669.  Thus, permitting Kennedy to challenge those amounts now on appeal would be tantamount to allowing her to assert as "grounds for reversal a purported factual disagreement never before revealed."  *See id.* at 670.

In attempting to explain her silence on this issue before the district court, Kennedy argues that she did not need to respond to HCB's motion for summary judgment because HCB failed to demonstrate its *prima facie* case and because "there was simply nothing in the record for her to rebut."  We disagree.  HCB submitted over 700 pages of exhibits in support of its motion for summary judgment, which included: (1) the executed guaranty agreement, which contained the applicable interest rate; (2) an endorsement allonge stating the outstanding principal and interest balance at the time Double A Firewood endorsed the promissory note to Central Progressive Bank;[5] and (3) the amount of the foreclosure sales price of the Stone County property.  In light of this evidence, it was Kennedy's burden to "come forward with specific facts indicating a genuine issue for trial."  *See LeMaire*, 480 F.3d at 387.  She did not.  She tendered only an unexecuted affidavit and no other documentary evidence.

---

[4] The only issue Kennedy raised before the district court that could be construed as an attack on the amount of the damages at issue was her argument that Central Progressive Bank's bid amount at the Stone County property foreclosure auction was inadequate vis-à-vis the fair market value of the property.  We agree with the district court that Kennedy "failed to submit evidence creating a material fact question on the issues of the fair market value of the underlying property."  *See Allied Steel Corp. v. Cooper*, 607 So. 2d 113, 118 (Miss. 1992) ("[A]bsent any irregularity in the conduct of a foreclosure sale, it may not be set aside unless the sales price is so inadequate as to shock the conscience of the Court 'or to amount to fraud.'").

[5] Kennedy argues that the endorsement allonge was inadmissible hearsay.  Even assuming *arguendo* that the allonge was inadmissible, Kennedy did not object to its admission into evidence at the district court.  *See Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012) ("'[U]nobjected-to hearsay may be considered by the trier of fact for such probative value as it may have.'").

No. 13-60560

Finally, the case upon which Kennedy relies most heavily, *Frederick v. United States*, 386 F.2d 481 (5th Cir. 1967), does not control our decision. There, we concluded that summary judgment was erroneously granted in favor of a plaintiff seeking to recover on an unpaid note because the plaintiff had offered "confusing and conflicting figures" as to the actual amount. *Id.* at 484. The evidence HCB submitted here did not conflict and was not confusing. Moreover, in *Frederick* the defendant had denied under oath that he owed the sum sought by the plaintiff. *Id.* Kennedy did not do so here.

B.

We now turn to the district court's grant of HCB's Rule 59(e) motion to amend the final judgment, which awarded HCB a specific amount of monetary damages, including the outstanding principle balance, prejudgment interest, attorney's fees, and costs.

Kennedy raises two points of error. She first argues HCB's motion to amend was procedurally infirm. She contends that HCB's damages calculation was improperly based upon previously available evidence and that therefore the amounts could have been calculated before HCB filed its motion for summary judgment. Second, Kennedy argues that, even assuming HCB's motion to amend was procedurally proper, the amounts HCB requested therein were insufficiently supported by the evidence.

Kennedy did not raise either of these points of error with the district court and thus they are presented for the first time on appeal. Kennedy did not file a response to HCB's Rule 59(e) motion to amend; rather, she only filed her own motion to amend, which was not responsive to HCB's motion.

8

No. 13-60560

Accordingly, Kennedy's arguments are waived. *See, e.g.*, *Stewart Glass & Mirror,* 200 F.3d at 316–17.[6]

AFFIRMED.

---

[6] "Under the plain error standard, this court may correct 'a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings,'" even if the issue was raised for the first time on appeal. *Delahoussaye v. Performance Energy Servs., L.L.C.*, 734 F.3d 389, 393 (5th Cir. 2013). Kennedy has not identified a plain error here. Nor has she demonstrated the way in which any purported error affected her substantial rights or "the fairness, integrity or public reputation of judicial proceedings." *See id.*