# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60569
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2017

Lyle W. Cayce
Clerk

LEE F. KENNEDY,

      Plaintiff - Appellant

v.

JEFFREY L. HALL; BRYAN NELSON, P.A.,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:15-CV-135

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

      Plaintiff Lee F. Kennedy appeals the district court's grant of Defendants' motion for summary judgment in this legal malpractice suit against attorney Jeffrey L. Hall. Kennedy complains that attorney Hall negligently represented her in an underlying suit in which Kennedy was sued on a guaranty agreement following default on a note. The district court held that Plaintiff failed to raise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60569

an issue of material fact that but for the Defendants' negligence in the underlying action she would have been successful in the defending against the suit to recover on Kennedy's personal guaranty.   Mississippi law, which controls in this case, requires that Kennedy show that but for her attorneys' negligence, she would have been successful in the underlying action.  Kennedy failed to make that showing, therefore, we AFFIRM the district court's judgment and DENY Defendants' motion to strike a portion of Kennedy's reply brief.

## I.

This legal malpractice suit arises from an underlying action brought by HCB Financial Corporation ("HCB") against Kennedy.[1]  There, HCB filed suit against Kennedy to collect on Kennedy's personal guaranty, guaranteeing payment of a promissory note that was in default.[2]  HCB filed a motion for summary judgment, which the district court granted, holding that Kennedy failed to raise an issue of material fact regarding her liability on her personal guaranty.[3]  In the underlying action, the trial court entered a judgment against Kennedy for $2,019,495.82.[4]

---

[1] *HCB Fin. Corp. v. Kennedy*, No. 1:10cv559HSO-JMR, 2013 WL 12090332, at *1 (S.D. Miss. Mar. 14, 2013), *aff'd*, 570 F. App'x 396 (5th Cir. 2014).  In sum, Kennedy, along with several other investors, purchased property along the Gulf Coast of Mississippi after Hurricane Katrina to develop it. *HCB Fin. Corp.*, 570 F. App'x at 398.  To finance the purchase, the investors obtained a $7,438,400 loan from Double A Firewood and in exchange the investors executed a promissory note and deed of trust encumbering the property.  *Id.* Each investor also executed personal guaranty agreements for the full payment of the note plus interest, costs, and attorney's fees incurred in collecting the payment. *Id.*  Upon default, Double A initiated foreclosure proceedings. *HCB Fin. Corp.*, 2013 WL 12090332, at *1. Central Progressive Bank purchased the loan from Double A. *Id.* When Central Progressive was closed and liquidated, HCB was assigned the note and sought to recover the deficiency owed by Kennedy based on her personal guaranty. *Id.*

[2] *Id.*

[3] *Id.* at *5.

[4] *Id.*

No. 16-60569

Kennedy filed the instant malpractice suit against her attorney and his former law firm, alleging Defendants' negligence caused the adverse judgment.

## II.

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court.[5]

## III.

Defendants assert that Kennedy cannot prove that their alleged negligence was the proximate cause of her injuries. Under Mississippi law, "[a] legal malpractice case requires proof by a preponderance of the evidence the following: (1) existence of a lawyer-client relationship; (2) negligence on the part of the lawyer in handling the affairs entrusted to him; (3) proximate cause; and (4) injury."[6] "[T]o prove proximate cause[,] the plaintiff must show that but for his attorney's negligence he would have been successful in the prosecution or defense of the underlying action."[7] We agree with the district court that Kennedy failed to raise a genuine issue of material fact tending to show this critical element of her cause of action.

The district court correctly points out that Kennedy only argues that her attorney was negligent in not urging the court to credit any sums Kennedy owed under the guaranty by the fair market value of property given as collateral for the loan.

The district court correctly held that the personal guaranty Kennedy executed waives any such right of offset. The guaranty states that the guarantor "waives any right . . . [to] require that resort be had to any security or to any balance of any deposit account or credit on the books of the

---

[5] *Stanley v. Trinchard*, 500 F.3d 411, 418 (5th Cir. 2007) (citing *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005)).

[6] *Century 21 Deep S. Props., Ltd. v. Corson*, 612 So. 2d 359, 372 (Miss. 1992) (citing *Hickox v. Holleman*, 502 So. 2d 626, 633 (Miss. 1987)).

[7] *Id.* (citing *Hickox*, 502 So. 2d at 634).

No. 16-60569

Beneficiary in favor of the Debtor of [sic] any other person."[8]  It has long been the law in Mississippi that with a guaranty of payment, the guarantor is immediately liable upon the debtor's default.[9]  The creditor does not have to institute any legal proceedings against the debtor or pursue collateral before suing the guarantor.[10]  The only "prescribed condition" to suing on a personal guaranty is default on the primary debt.[11]  So any evidence Kennedy could have presented in the underlying action regarding the fair market value of collateral properties would not have changed the amount of the final judgment rendered against her.

Because Kennedy failed to put forth any evidence to show that but for Defendants' negligence, she would have been successful in defending against the underlying suit, we AFFIRM the judgment of the district court.

Defendants moved to strike portions of Kennedy's reply brief that relies on judicial estoppel.  We DENY that motion as moot.

---

[8] Continuing Personal Guaranty, signed by Lee F. Kennedy, Sept. 28, 2006.

[9] *Bosarge v. LWC MS Props., LLC*, 158 So. 3d 1137, 1143 n.5 (Miss. 2015).

[10] *Brown v. Hederman Bros., LLC*, No. 2014-CA-01553-COA, 2016 WL 2862363, at *4 (Miss. Ct. App. May 17, 2016) (quoting *Wren v. Pearce*, 12 Miss. 91, 98 (1845)).

[11] *Id.* (citing *Woods-Tucker Leasing Corp. v. Kellum*, 641 F.2d 210, 215 n.7 (5th Cir. 1981)).

4